```
                                              FILED
                                       DISTRICT COURT OF GUAM
        UNITED STATES DISTRICT COURT
               DISTRICT OF GUAM              JUN -7 2005
```

UNITED STATES OF AMERICA, §  
     Respondent-Plaintiff, §  
vs. § DC Case No. 98-37-JSU  
KING TAT PHILIP NG, § Cv- 05-00016  
     Petitioner-Defendant. §  

MARY L.M. MORAN
CLERK OF COURT

## MOTION FOR RELIEF FROM JUDGMENT
## PURSUANT TO FED.R.CV.P. RULE 60(b)(6).

COMES NOW King Tat Philip NG (Petitioner), appearing pro se and interposing **Haines v. Kerner**, 404 U.S. 519 (1972), requesting liberal construction of this pleading. Petitioner also requests the court to grant him relief from the judgment in the above styled cause of action and vacate his sentence and remand for resentencing without the 2 levels sentencing enhancement for importation and with the 2 level downward adjustment for minor participant, that was improperly imposed and decided by the District Court in violation of **Blakely v Washington**, 124 S.Ct. 2531 (2004. In support thereof, Petitioner submits the following, to wit;

### JURISDICTION

Petitioner invokes the jurisdiction of this court pursuant to Federal Rules of Civil Procedure (FRCVP) Rule 60(b)(6), which provides that the district court enjoys the inherent power to grant relief where the judgment of order is rendered void by intervening circumstances. (See **Hamilton v Newland**, 374 F.3d 822(9th Cir. 2004).

Petitioner's circumstances, in light of **Blakely** are ripe for adjudication.

## STATEMENT OF THE CASE

Pursuant to a plea agreement, Petitioner was adjudicated guilty under 21 U.S.C. § 952(a); § 960 and § 963. On June 19, 1998, he was sentenced to 168 months of imprisonment in a federal prison and to supervised release.

## SENTENCING ENHANCEMENTS

At sentencing, the district court calculated his sentence using the 1992 U.S.S.G. manual and arrived at a base level of thirty-five (35), which has a range of 168-210 months, and which included a two (2) level sentencing enhancement for importation and failure to make a downward adjustment for minor mitigating role (2 levels).

The PSR recommended a sentence without the 2 level downward adjustment for minor role and that yeilded a net 4 level increase in the sentencing level. The guidelines reveal that a 2 level minor role adjustment would not require a 2 level upward adjustment for an offender who did not qualify for a role reduction. Petitioner objected to the PSR's failure to recommend the role, downward adjustment, but the Court overruled him. At sentencing, the government acknowledged that Petitioner's cooperation, candour, remorsefulness, lack of knowledge or control of the kind, purity, or quantity of the drug he attempted to import, were all undisputed and were mitigating factors, but still they opposed the mitigating role adjustment. There was no factual dispute as to Petitioner's role or knowledge and justified the minor role adjustment. (See **U.S. vs. Mendoza**, 121 F.3d 510(9th Cir. 1997). The Court took an

2

Case 1:05-cv-00016   Document 1   Filed 06/07/2005   Page 2 of 6

overly rigid application of sentencing policy. Application of a rigid sentencing polciy that fails to consider individual culpability, cooperation and statutory sentencing considerations violates 18 U.S.C. § 3553(a) and rights to due process (**U.S. v. Cosgrove**, 73 F.3d 297(11th Cir. 1996). Petitioner appealed his sentence, but the sentence was affirmed.

Petitioner's sentence was increased from a base level 31 to a base level of 35 by the failure of the district court to apply a minor role adjustment that was fully justified under the facts of the case and prevailing case law.

Petitioner was sentenced unconstitutionally under the holdings in **Blakely, et al.**

**ARGUMENT**

FRCVP, Rule 60(b) authorizes the district courts to relieve a party from the force of a final judgment. This rule embodies the federal court's inherent authority under Article III of the Constitution to exercise "power over [their] own judgment" (**U.S. v. Ohio Power Co.**, 353 U.S. 98, 99 (1957), including the power to correct those judgments. As such, codification of the Rule did "not provide a new remedy at all", but rather the Rule is "simply the recitation of pre-existing judicial power." (**Plaut v Spend Thrift Farm**, 514 U.S. 211, 234-235 (1995).

"In simple english" the Rule "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." (**Klapprott v U.S.**, 335 U.S. 601, 614-615 (1949).

Rule 60(b)(6), in the "other reasons" residuary clause, covers "all reasons, except the five particularly specified" empowering courts to vacate judgment in the interest of justice. **Klapprott**, 335 U.S. at 614-615.

Included in this category are motions for relief from a judgment where there has been an intervening change in law. **Ackerman v. U.S.** 340 U.S. 193, 199 (1950); **Agostin v. Felton**, 521 U.S. 203 (1997); **Ritter v. Smith**, 811 F.2d 1398(11th Cir. 1987); **American Economy Ins., Co. v. Re-Boans, Inc.**, 900 F.Supp. 1246 (N.D. Cal. 1994).

Petitioner's rule 60(b)(6) request is not a new claim; does not invoke a "new rule of constitutional law made retroactive to cases on colateral review by the Supreme Court", nor does his claim invoke newly discovered evidence. Petitioner's true Rule 60(b)(6) motion seeks relief from a federal court's order based on one or more of the grounds set forth in Rule 60(b). **Abdur' Rohman v Bell**, 537 U.S. 88, 94 (2003). Rule 60(b) provides a vehicle, not to challenge mistakes of law that could have been vacated on direct appeal, but to attack the integrity of a district court's judgment.

a) <u>Hamilton v Newland</u>

The Ninth Circuit, in **Hamilton v. Newland**, 374 F.3d 822(9th Cir. 2004), ruled that a petitioner may file a motion for relief from judgment pursuant to Rule 60(b) "When one wishes a court to consider claims it had already decided." **Supra**, at 825; and, where extra-ordinary circumstances prevented [him] from taking timely action to prevent or correct erroneous judgment." **Greenawalt v Stewart**, 105 F.3d 1268, 1273(9th Cir. 1997). In this cause, the "extra-ordinary circumstances" were that the Federal Sentencing Guidelines had

4

had no jurisdiction to impose the sentence he is now serving.

The Supreme Court stated in **U.S. v Johnson**, 457 U.S. 537, 549 (1982), that:

> "When a decision of this court merely has applied settled precedents to new and different factual situations, no real question has risen as to whether the later decision should apply retroactively."

No decision on retroactivity needs to be made in this case.

Under the gateway of **Hamilton v Newland**, 374 F.3d 822(9th Cir. 2004) and the "untrustworthy" prong of **Carriger v Stewart**, 132 F.3d 463, 478(9th Cir. 1997), Petitioner has provided sufficient reasoning for this court to vacate his untrustworthy verdict and sentence and remand for resentencing with the two (2) level reduction for minor participant and without the two (2) level enhancement for importation that was imposed by the disctict court using the preponderance of evidence standard and not determined on the legal standard set by the Ninth Circuit in **Rojas-Millan**.

b) <u>**Ex Post Facto - Due Process**</u>

Petitioner submits that Ex Post Facto and Due Process Clause of the U.S. Constitution prevents the Petitioner from being sentenced to a higher sentence or using the sentencing enhancements without a jury finding of guilt beyond a reasonable doubt. **Marks v. U.S.**, 423 U.S. 188(1997); **Garner v Jones**, 529 U.S. 244 (2000); **Miller v Florida**, 482 U.S. 423 (1987); and, **NC v Pearce**, 395 U.S. 711 (1969). Petitioner respectfully requests this court to vacate his sentence enhancements and resentence him according to a reduced base level offense of thirty-one (31), and with his Ex Post Facto and Due Process of Law rights invoked.

WHEREFORE, premises considered herein, Petitioner respectfully prays this Honorable Court grant him Rule 60(b)(6) relief; vacate his judgment; appoint counsel; and, resentence him with the two (2) level minor role adjustment and without the two (2) level enhancement for importation, that were imposed in violation of his 6th Amendment Constitutional rights. Petitioner further prays that this Court take Petitioner's Ex Post Facto and Due Process rights into account in resentencing him.

Respectfully submitted the 1st day of June, 2005.

_/s/ King Tat Philip Ng_
King Tat Philip NG, Petitioner
FCI-Low Unit SB
P.O. Box 26020
Beaumont, TX 77720-6020